AUGUSTUS P. LORING, executor, *vs.* ANNA S. DOLOUGHAN & others.

Middlesex.    December 4, 1916. — March 1, 1917.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Superior Court,* Trial of issues from Supreme Judicial Court. *Supreme Judicial Court,* Probate appeals. *Will,* Proof of.

Where a petition for the proof of a will is pending in the Supreme Judicial Court upon an appeal and that court has sent to the Superior Court for trial before a jury three issues, in substance, whether the instrument propounded for probate was executed according to law, whether the alleged testator was of sound and

disposing mind and memory, and whether the alleged will was procured to be made through the fraud or undue influence of certain persons named or of any of them, the jurisdiction of the Superior Court is confined to the trial of those issues, which relate only to the instrument presented for probate, and it is right for the presiding judge to refuse to instruct the jury as to the effect of another will executed by the alleged testator at the same time and undertaking to dispose only of his property in Ireland and the Kingdom of Great Britain.

Where, on an appeal from a decree of the Probate Court allowing an instrument as the will of an alleged testator, a single justice of the Supreme Judicial Court frames issues of fact which he sends to the Superior Court for trial before a jury, the sole jurisdiction of the question of the allowance of the instrument, either alone or in combination with any other instrument, as the will of the testator remains vested in the Supreme Judicial Court.

APPEAL from a decree of the Probate Court for the county of Middlesex allowing an instrument presented to that court as the will of John A. Stewart, late of Cambridge.

The appeal came on to be tried before *De Courcy*, J., who under R. L. c. 162, § 25, framed the issues of fact quoted in the opinion to be tried before a jury and sent them to the Superior Court for such trial.

In the Superior Court the issues were tried before *Sisk*, J., and a jury. There was evidence of the facts that are stated in the opinion. The appellants asked the judge to make the ruling which is quoted in the opinion. The judge refused to make this ruling and submitted the issues to the jury, who returned answers sustaining the will. The appellants alleged exceptions.

*H. M. Chase*, for the appellants.

*J. Noble & S. Vaughan*, for the executor, were not called upon.

RUGG, C. J. This case comes before us on an exception to the denial of a request for a ruling made at a trial in the Superior Court of issues framed in a petition for the proof of a will by a justice of this court, and sent to the Superior Court for trial to a jury.

The issues were: (1) "Was the instrument propounded for probate as the last will of John A. Stewart, deceased, executed according to law?" (2) "Was the said John A. Stewart of sound and disposing mind and memory at the time of the execution of the said instrument?" (3) "Was said alleged will procured to be made through the fraud or undue influence of John Mannix, Samuel Stewart or Dr. Joseph Lockhart, or any or all of them?"

At the trial of these issues it appeared that the testator executed

simultaneously two instruments, one disposing of all his property in the United States of America and excluding expressly from its operation such property as he might have in Ireland or the Kingdom of Great Britain, and the other disposing only of his property in Ireland and the Kingdom of Great Britain and expressly excluding from its operation his property in the United States of America. The present petition is for the proof and allowance of the will disposing of property in the United States. It does not refer to the other will and no copy of that will is on file with the petition. In this posture of the case the contestants presented the following request for ruling: "That on the undisputed evidence that the will of John A. Stewart consisted of two instruments similarly executed, in one of which disposition was made of his so called American property, in the other of which disposition was made of the so called Irish property but which appeared to be only a leasehold estate located in Ireland, as a matter of law the jury shall find that the will offered herewith for probate as the will of John A. Stewart, inasmuch as it consists of only one of the said instruments, is not therefore the will of the said John A. Stewart."

That request was not pertinent to any issue pending in the Superior Court. The case is not pending at large in the Superior Court, but in the Supreme Judicial Court. The jurisdiction of the Superior Court is confined to the making of answers to the questions sent to it for trial by jury. Those issues were narrow and were confined strictly to the instrument accompanying the petition. The question of the allowance of that instrument, either alone or in combination with any other instrument, as the will of the testator, was not pending in the Superior Court. Sole jurisdiction of that question is vested in the Supreme Judicial Court.

The point to which the request for instructions was directed not being within the scope of the questions submitted to the Superior Court for answer, the judge committed no error in refusing to grant the request.

*Exceptions overruled.*